ARTURO LAZA, Plaintiff and Appellant, *v.* WHITE STAR BUS LINE, INC., Defendant and Appellee.

No. 6905. Argued February 12, 1936.—Decided February 19, 1937.

*Mariano Acosta Velarde* for appellant.  *Celestino Iriarte, F. Fernández Cuyar*, and *H. González Blanes* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

The court below resumed the essential facts more or less as follows: That on the morning of March 7, 1932, the plaintiff took the autobus of the defendant, P. 29, to be carried from Santurce to San Juan; that on Ponce de León Avenue in front of the Casino Puerto Rico on the border of the old city of San Juan the defendant has a stop or station for passengers to enter or alight and that upon arriving at this spot the autobus in which plaintiff was travelling came to a halt behind another autobus, the property of the defendant with a license number P. 180; that the plaintiff got off the autobus and intended to cross Ponce de León Avenue at the opening or space existing between said two autobuses; that upon starting, autobus P. 180 retroceded and jammed the body of the plaintiff and broke his thigh with the result that the plaintiff was injured, made lame, and had to walk on crutches. The specific acts of negligence charged to the defendant were (*a*) sending the autobus P. 180 back without notice or warning; (*b*) sending the autobus P. 180 back with-

out its driver finding out whether or not there was a person to the rear; (c) not having an adequate mirror wherewith to see to the rear, etc.; (d) failure of the employees of the defendant to advise the driver of P. 180 that in going back he would strike the plaintiff; (e) the fact that defendant had knowledge of the custom or habit that passengers had on getting on or off its buses of crossing behind them, and did not take measures to avoid the accident. The court dismissed the complaint.

The appellant in his brief discusses the court's finding to the effect that the act of the defendant in going to the rear was not voluntary. In other words, that the driver did not intend to go to the rear. Perhaps the intention might play some role, but if the defendant had reason to know of the tendency to retrocede the intention would not play a great part. It transpires that at the time of the accident there was a decline (no longer existing) in the high road to the east and that upon a release of its brakes a bus would tend to slip back. We are not convinced by the appellant that this retrocession was an act of negligence.

The appellant likewise laid some stress on the court's finding that the motorbus was equipped with the necessary mirror. We do not quite agree with the court when it says that after the inspection by the proper officials, etc., there would be a presumption that the company complied with the law and had a mirror. What we do believe, however, is that there is an ordinary inference of fact that the bus was provided with a mirror and as a part of the charge of negligence the plaintiff would be bound to show the lack of one. This discussion is rendered unimportant because of the manner of the accident.

The plaintiff came in behind the bus on its rear right end, the bus facing west. At that spot, no mirror would have enabled the driver to see the coming peril of the plaintiff or possibly even his actual body. The plaintiff was too close to the rear of the bus. The act of crossing and the

starting of the bus occurred almost simultaneously. The supposed mirror would not have helped to avert the accident.

■ Another criticism by the appellant is that the lower court did not clearly hold whether there was a lack of negligence of defendant or contributory negligence on the part of the plaintiff. The court said, among other things, that plaintiff could have continued on the sidewalk till he reached the corner and there crossed the street. We are not totally sure that this consideration militates against the plaintiff, as it does not appear that a traffic policeman is stationed at the spot or that vehicles are stopped by lights. What the court more especially held was that where a man crosses between two vehicles he takes his own chances of injury, and we agree.

The court stresses the point that plaintiff said that he dashed across the street (se lanzó a cruzar). The plaintiff explained that he did not mean any special haste and his words, we hold, were unimportant.

The appellant contends that the court agreed that there was a space of two meters between the autobuses. The words of the court were as follows:

"The witnesses for the plaintiff estimate the distance existing between the two buses as being from one to one and one-half meters; those for the defendant estimate it at from eight inches to one or one and one-half feet. Of course, these measurements are completely beyond the actual fact; the plaintiff in his truthful testimony said that when he stepped off the bus he saw that there was enough room between the first and the second bus to get through and he tried to do so. From this we may infer that the allegation of the complaint with regard to the alley or passage is correct and that the space between one and the other bus was narrow."

We think, as the evidence and the probability strongly tend to show, that the court meant that the space between the two buses was narrow. We would get the idea from all the testimony that it was perhaps one meter or less. Probably, if the distance had been greater, nothing would have happened to injure plaintiff when the bus receded.

The plaintiff testified that he turned about a little when he saw that the bus was receding. Perhaps, if he had gone on rapidly, nothing serious would have happened to him. This consideration is not of great significance by itself.

Rather than anything else we hold that this injury is, so far as the company was concerned, in the nature of an inevitable accident, or the plaintiff was primarily responsible for the result. The defendant had no prevision that anything would happen. If people had crossed before, apparently they had done it with safety. There is nothing to show that the plaintiff did not choose an unfortunate moment to cross, either in point of time or because the space between the two autobuses was too narrow. The court properly placed the responsibility on the plaintiff, and the lack of a correct characterization of negligence did not and does not play a great role either for the court below or for ourselves.

Judgment should be affirmed.

Mr. Chief Justice Del Toro dissented.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.